IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01457-PAB-STV

KYLE STUART,

Plaintiff,

v.

HILLARY HINRICHS,
ANTHONY PEREZ, and,
THOMAS RAIOLA,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Judge Philip A. Brimmer**

This matter is before the Court on Plaintiff's Emergency Motion for TRO [Docket No. 56].[1] Defendants have not appeared.

Plaintiff "seeks relief before Defendants can be heard" in the form of an ex parte temporary restraining order. Docket No. 56 at 12. Pursuant to Federal Rule of Civil Procedure 65,

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

---

[1] Because plaintiff is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court has reviewed plaintiff's "Declaration in Support of Ex Parte Temporary Restraining Order," *see* Docket No. 56-2 at 1, and finds that plaintiff has failed to demonstrate that immediate and irreparable injury will result before defendants can be heard in opposition. In his declaration, plaintiff claims that, "[i]f Defendants are given advance notice before the Court can issue temporary relief, I fear that additional threats, intimidation, physical harm, interference with witnesses, or destruction of evidence may occur before a noticed hearing." *Id.* at 2. He claims that a "sequence of armed intimidation, threats, property damage, surveillance, trespass, disclosure of my identifying information, alleged protection-order violation, and attempted contact after my relocation has caused me to fear further retaliation." *Id.* at 1-2

Plaintiff's "fears" that defendants may engage in this conduct if an ex parte TRO is not issued is insufficient to demonstrate that immediate and irreparable injury would occur to plaintiff before defendants can be heard in opposition. *See Bellinsky v. Weiser*, No. 25-cv-02062-PAB-STV, 2025 WL 2576528, at *2 (D. Colo. Sept. 5, 2025) (finding that plaintiff's "vague claims that he faces irreparable harm" and "speculation that defendants will retaliate" are not harms that show plaintiff "will suffer imminent, irreparable harm resulting from defendants' actions if a TRO is not issued before the Court can hold a hearing on his motion attended by counsel for defendants"); *Shirah v. Falcon*, 2026 WL 696581, at *3 (E.D. La. Mar. 12, 2026) ("Mere speculation of harm is not enough to clear the exacting threshold of immediate and irreparable injury to justify the issuance of an *ex parte* TRO.") (internal quotation and citation omitted). Furthermore, the fact that defendants have allegedly harmed plaintiff in the past is insufficient to justify issuance of an ex parte TRO. *See Williams v. Pro. Courier & Newspaper Distr.*, 2025 WL 2639900, at *2 (E.D. Cal. Sept. 15, 2025), *report and recommendation adopted*, 2025 WL 3130914 (E.D. Cal. Nov. 7, 2025) ("Based on these allegations of past harm, Plaintiff has not alleged specific facts showing a risk of additional irreparable injury that will occur before notice can be provided to Defendants.") Accordingly, the Court will deny plaintiff's motion for an ex parte TRO.

Therefore,

It is **ORDERED** that Plaintiff's Emergency Motion for TRO [Docket No. 56] is **DENIED**.

DATED August 27, 2026